IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 8:12CR378 |
| | ) | |
| V. | ) | |
| | ) | |
| DAVID NAYLOR, | ) | FINDINGS, RECOMMENDATION |
| | ) | AND ORDER |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Defendant David Naylor's Motion to Dismiss Indictment (filing 21). Having reviewed the matter, the undersigned concludes that the motion should be denied.

## BACKGROUND

According to the materials before the Court, on or about May 14, 2012, personnel at Mutual of Omaha's mail processing facility opened a company business reply envelope and found it to contain a powdery substance. Hazardous material specialists from the Omaha Fire Department determined that the substance was cornstarch. Further investigation revealed that the letter was addressed to the "United of Omaha Life Insurance Company Processing Dept." and that the outside of the envelope had the written words: "open carefully contains cornstarch." In addition to cornstarch, the envelope contained a white paper with the messages: "Like corn starch?;" "Enclosed powder is cornstarch;" and "Told you before don't sent me your CRAP!" The envelope also contained a Mutual of Omaha insurance application with the word "Void" written on it. Tracing through Mutual of Omaha's solicitation database revealed that the business reply envelope had originally been mailed to Defendant.

Allegedly, when agents from the FBI and the United States Postal Inspection Service went to Defendant's residence, Defendant stated that he received a solicitation in the mail from Mutual of Omaha and mailed it back to the company during the previous week. Defendant also allegedly stated that he was trying to get the company to stop sending him information in the mail and wanted to get the company's attention.

## ANALYSIS

The Indictment alleges that Defendant violated 18 U.S.C. § 876(c). Under 18 U.S.C. § 876(c):

> Whoever knowingly so deposits or causes to be delivered as aforesaid, any communication with or without a name or designating mark subscribed thereto, addressed to any other person and containing any threat to kidnap any person or any threat to injure the person of the addressee or of another, shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 876(c). Specifically, the Indictment states:

> On or about May 14, 2012, in the District of Nebraska, DAVID NAYLOR, knowingly caused a communication addressed to another person to be delivered by the Postal Service, according to the directions on said communication, and said communication contained a threat to injure the addressee or another, in that he mailed an envelope containing white power to Mutual of Omaha.

(Filing 1.) Defendant contends that the Indictment should be dismissed because 18 U.S.C. § 876(c) requires that the threatening communication be addressed to a natural person, as opposed to an entity, and that the threatening communication in this case was not so addressed. Defendant argues that because the Indictment states that the threat was made to Mutual of Omaha, it fails to allege essential facts and is facially insufficient.

As noted by other courts, § 876 is ambiguous as to who qualifies as a "person" under the statute. The parties have not pointed to any binding precedent speaking to the issue of whether a company or other institution qualifies as a "person" under § 876, and courts elsewhere are split on the issue *Compare United States v. Bly*, No. 3:04CR00011, 2005 WL 2621996, *5 (W.D. Va. Oct. 14, 2005) (holding that a letter addressed to the University of Virginia was addressed to a "person" within the meaning of § 876), *with United States v. Brownfield*, 130 F. Supp.2d 1177, 1184 (C.D. Cal. 2001) (concluding that an agency of the U.S. government is not a "person" under the statute). Nevertheless, even courts that have found that § 876 requires that the threatening communication be made to a natural person,

have concluded that "[t]he fact that the letter does not name any particular *target* of violence is not fatal to the charge." *United States v. Dillon*, No. 11-10066-JTM, 2012 WL 359879, *4 (D. Kan. Jan. 31, 2012). Rather, in determining whether the threatening communication is addressed to a natural person, a court "may consult the directions on the outside of the envelope or the packaging, the salutation line, if any, and the contents of the communication." *United States v. Havelock*, 664 F.3d 1284, 1296 (9th Cir. 2012).

The undersigned is unable to conclude that the Indictment is facially insufficient because it only references Mutual of Omaha. As noted above, § 876 contains "no requirement that the victim of the threat be particularly named." *Dillon*, 2012 WL 359879 at *5. Moreover, looking to the envelope at issue and its contents, a reasonable inference could be made that the communication was addressed to a natural person. The letter was addressed to the "United of Omaha Life Insurance Company Processing Dept." and the outside of the envelope had the written words "open carefully contains cornstarch." Also, the envelope contained a white paper with the messages: "Like corn starch?" and "Told you before don't sent me your CRAP!" The envelope and its contents could reasonably indicate that the letter was not directed to Mutual of Omaha as some amorphous entity, but to specific employees at the company - those responsible for mailing solicitation letters.

For the reasons explained above,

**IT IS HEREBY RECOMMENDED** to the Honorable John Gerrard, United States District Judge, that Defendant's Motion to Dismiss Indictment (filing 21) be denied.

The parties are notified that failing to timely object to this Findings, Recommendation and Order as provided in the local rules of this Court may constitute a waiver of any objection.

**DATED March 21, 2013.**

                                             **BY THE COURT:**

                                             **S/ F.A. Gossett**
                                             **United States Magistrate Judge**