IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>DAVID NAYLOR,<br><br>                Defendant. | 8:12-CR-378<br><br>MEMORANDUM AND ORDER |

      This matter is before the Court on defendant David Naylor's Motion to Dismiss Indictment (filing 21) and the Magistrate Judge's Findings, Recommendation and Order (filing 25), recommending that the motion be denied. Naylor has timely objected (filing 26) to the findings and recommendation. As the Court explains below, the Magistrate Judge's ultimate findings and recommendation will be adopted, and Naylor's objection overruled.

## BACKGROUND

      The relevant facts are not in dispute, and were summarized succinctly in the Magistrate Judge's order. On or about May 14, 2012, personnel at Mutual of Omaha's mail processing facility opened a company business reply envelope and found it to contain a powdery substance. They contacted hazardous material specialists from the Omaha Fire Department, who determined that the substance was cornstarch.

      Further investigation revealed that the letter was addressed to the "United of Omaha Life Insurance Company Processing Dept." On the outside of the envelope was written "open carefully contains cornstarch." In addition to cornstarch, the envelope contained a white paper with the messages: "Like corn starch?;" "Enclosed powder is cornstarch;" and "Told you before don't send me your CRAP!" The envelope also contained a Mutual of Omaha insurance application with the word "Void" written on it.

      Mutual of Omaha determined that the business reply envelope had originally been mailed to Naylor. Agents of the FBI and United States Postal Inspection Service contacted Naylor, who allegedly admitted receiving a solicitation in the mail from Mutual of Omaha and mailing it back the previous week. Naylor also allegedly stated that he was trying to get the

company to stop sending him information in the mail and wanted to get the company's attention.

## ANALYSIS

Naylor has been charged with violating 18 U.S.C. § 876(c), which prohibits the sending of threatening communications through the Postal Service. That statute provides, in relevant part:

> **(a)** Whoever knowingly deposits in any post office or authorized depository for mail matter, to be sent or delivered by the Postal Service or knowingly causes to be delivered by the Postal Service according to the direction thereon, any communication . . . .
>
> . . . .
>
> **(c)** Whoever knowingly so deposits or causes to be delivered as aforesaid, any communication with or without a name or designating mark subscribed thereto, <u>addressed to any other person</u> and containing any threat to kidnap any person or <u>any threat to injure the person of the addressee or of another</u>, shall be fined under this title or imprisoned not more than five years, or both. . . .

§ 876 (emphasis supplied).

Naylor argues that the indictment must be dismissed because it fails to allege the essential elements of a violation of § 876(c). First, Naylor asserts that the statute requires that the "person" to whom a threat is made must be a natural person. So, his argument continues, the indictment fails to allege a violation of § 876(c), because any threat he made was addressed to Mutual of Omaha, and not to any natural person. This case therefore turns on the meaning of "person" and the phrase "addressed to" in § 876(c). Neither is defined in the statute. Under the Dictionary Act, which provides definitions for common statutory terms that courts are to apply "[i]n determining the meaning of any Act of Congress, unless context indicates otherwise[,]" the term "person" is defined to include artificial persons, such as corporations. 1 U.S.C. § 1.

In *United States v. Havelock*, 664 F.3d 1284 (9th Cir. 2012), the Ninth Circuit found such a contrary contextual suggestion in the text and underlying purposes of § 876(c), and held that only threats to natural persons fall within the statute. *Id.* That conclusion was not without its detractors;

several judges would have read it to include artificial persons. *See, id.* at 1291–1301 (N.R. Smith, C.J., concurring in result); *id.* at 1314–20 (Fisher, C.J. and Rawlinson, C.J. (dissenting); *see also United States v. Bly,* 2005 WL 2621996, at *4 (W.D. Va. 2005). The Eighth Circuit has yet to speak on the issue.[1] But this Court need not decide the matter for itself, because even if § 876(c) only prohibits threats addressed to natural persons, Naylor's challenge fails. As the Court explains, his mailing was self-evidently a threat that could only have been addressed to a natural person.

In determining to whom a threatening communication was "addressed to," the Court may consider not only the envelope or packaging and any salutation, but also the contents of the communication. *Havelock,* 664 F.3d at 1295. The contents of Naylor's mailing make clear that any threat was addressed to whichever Mutual of Omaha employee had the misfortune to open the letter.[2] Anyone opening an envelope from a stranger and finding it full of white powder might reasonably believe the powder to be anthrax, ricin, or some other infectious or poisonous substance. And that would, quite naturally, cause the person to experience fear or apprehension for their immediate well-being.[3] *See United States v. Zavrel,* 384 F.3d 130 (3d Cir. 2004) (mailing of cornstarch, intended to resemble anthrax, constituted a threatening "communication" even when it was unaccompanied by written message). And this is a threat only a natural person could fear: Mutual of Omaha cannot be infected or poisoned. In short, the Court finds that the indictment has properly alleged the essential elements of § 876(c). The letter Naylor is charged with sending contained a threat addressed to whoever happened to open the envelope at Mutual of Omaha, and that is sufficient to state a violation of § 876(c).

---

[1] The Tenth and Fourth Circuits—the only others to have discussed the meaning of "person" in § 876(c)—did not squarely address whether the statute is limited to natural persons. *United States v. Rendelman,* 641 F.3d 36 (4th Cir. 2011); *United States v. Williams,* 376 F.3d 1048 (10th Cir. 2004). *Rendelman,* in fact, held that the person or entity to whom a threatening communication is addressed is not an essential element of § 876(c), and that the phrase "addressed to any other person" only means that "an accused does not violate [§ 876(c)] by mailing a threatening letter addressed to himself." 641 F.3d at 46.

[2] The Magistrate Judge found that Naylor's letter could reasonably have been understood to have been addressed to specific Mutual of Omaha employees: those responsible for mailing solicitation letters. Filing 25 at 3. But this Court sees no reason to limit the intended recipient to any specific department.

[3] Naylor does not contend (at this juncture) that the communication was not a "threat." *See, e.g., United States v. Mabie,* 663 F.3d 322, 333 (8th Cir. 2011) (§ 876(c) does not require proof that defendant had subjective intent to threaten, only that reasonable recipient would have found the communication threatening).

Accordingly,

IT IS ORDERED:

1. The findings and recommendation of the Magistrate Judge (filing 25) are adopted.

2. Naylor's Motion to Dismiss Indictment (filing 21) is denied, and his objection (filing 26) is overruled.

Dated this 3rd day of May, 2013.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
United States District Judge

4