IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:12-CR-378 |
| vs. | TRIAL ORDER |
| DAVID NAYLOR, | |
| Defendant. | |

The following procedures and requirements shall govern the trial in this case:

1. A telephonic pretrial conference is scheduled to be held before the undersigned judge on Thursday, June 13, 2013, at 2:30 p.m.

2. The filing, briefing, and hearing of pretrial motions, including *ex parte* motions and applications, shall be governed by NECrimR 12.1 to 12.6.

3. Exhibits must be listed before trial on exhibit forms available from the Clerk's office or on the Court's external web page at http://www.ned.uscourts.gov/forms. The exhibits should be numbered as provided by NECrimR 12.7.

4. The courtroom deputy will take custody of the exhibits after they are received by the Court.

5. If a party will use a deposition at trial, the proponent must supply the Court with a copy of the deposition. If less than the whole deposition will be used, the copy must highlight the portions to be introduced. The proponent must also supply the Court with a list or index identifying by page and line the portions to be introduced. If a party objects to the introduction of deposition testimony, that party must supply the Court with a list specifying the precise nature of each objection and identifying its location by page and line.

6. If a party intends to use testimony in a videotaped deposition and the opponent objects to any portion of it, the proponent must supply the Court with a transcript of the testimony from the deposition. The

transcript must highlight the portions of the testimony to be introduced. The proponent must also supply the Court with a list or index identifying by page and line in the transcript the portions to be introduced. If a party objects to the introduction of videotaped deposition testimony, that party must supply the Court with a list specifying the precise nature of each objection and identifying its location in the transcript by page and line.

7.  Questioning of witnesses will be limited to direct examination, cross-examination, and redirect examination unless the Court allows further examination.

8.  The Court will conduct an initial voir dire of the prospective panel. Counsel will be permitted to conduct follow-up voir dire in areas not covered by the Court's examination or in an area which may justify further examination in view of a prospective juror's response during the Court's voir dire.

9.  Witnesses who do not appear to testify when scheduled will be considered withdrawn. The trial will then proceed with the presentation of any remaining evidence.

Dated this 4th day of June, 2013.

                                          BY THE COURT:

                                        John M. Gerrard
                                        United States District Judge